UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY BLUE,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF MERRILLVILLE, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-211-JD-JEM |

OPINION AND ORDER

Jeremy Blue, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Blue is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Blue is currently serving a sentence for a robbery and murder of a store cashier committed in 2012 in Merrillville, Indiana.[1] *Blue v. State*, No. 45A03-1404-CR-113, 2014 WL 7004998, at *1 (Ind. Ct. App. Dec. 12, 2014). He claims that at the time of the robbery, several police officers from Merrillville falsely stated to the news media that he had killed the cashier "execution style." He disputes that characterization and states the cashier was killed because she was not cooperating. He claims several newspaper reporters repeated the police officers' statements, which caused his friends and family to distance themselves from him. He further claims that when police came to arrest him, they used excessive force by slamming his face and body into the ground. Based on these events he sues a host of defendants, including police officers, the Town of Merrillville, *The Times of Northwest Indiana,* reporters, a judge, prosecutors, a public defender, and several private individuals who appear to be relatives of the victim. He seeks $500 million in damages and an order requiring the defendants to publicly apologize "& clear plaintiff of all slander."

---

[1] According to the Indiana Court of Appeals, Blue borrowed a gun from an acquaintance for the purpose of committing a robbery, and then went to a convenience store where Judi Simpson–Beaver was working. *Blue v. State*, No. 45A03-1404-CR-113, 2014 WL 7004998, at *1. He pulled out the gun and demanded money, and she gave him two cash drawers. *Id.* Apparently recognizing him she then said, "Jeremy, why are you doing this?" *Id.* Blue shot her twice, once in the chest and once in the face. *Id.* She died in the store from her wounds. Police obtained surveillance footage from the store and parts of it were broadcast on the news. *Id.* Two individuals acquainted with Blue called police to tell them they believed Blue was the robber. *Id.* A third witness who knew Blue told police he saw Blue leave the store shortly after the robbery and get in a waiting car. *Id.* The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Blue cannot seek to have his criminal conviction overturned in a civil lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). He also cannot pursue a claim for damages in a civil suit based on a theory that his outstanding conviction is false or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). A civil claim that necessarily implies the invalidity of an outstanding criminal conviction "must be dismissed without prejudice, because *Heck* holds that the claim does not accrue until the conviction has been set aside." *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). Any claim within the complaint asserting that Blue did not shoot the victim, or that he did not do so in the manner found by the state court, falls into this category.

Claims against police pertaining to certain types of wrongdoing are not necessarily barred by *Heck*, such as a claim of excessive force or false arrest. *See Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). While state law supplies the statute of limitations, federal law governs the accrual of § 1983 claims. *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024). A plaintiff's claim accrues "when he has a complete and present

cause of action, that is, when the plaintiff can file suit and obtain relief because, at that point, the plaintiff knows or should know that his constitutional rights were violated." *Id.* (citation and quotation marks omitted). A claim of excessive force or false arrest accrues at the time of the arrest. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Evans*, 603 F.3d at 363.

Here, it is apparent from the complaint and public records that Blue was arrested in 2012, and that he was aware of his injury at that time, but he did not file this lawsuit against the police until 2026, fourteen years later. (*See* ECF 1 at 6.) Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when it is clear from the face of the complaint that the action is untimely. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here.

Additionally, the prosecutors cannot be sued for damages for their actions taken on behalf of the government in Blue's criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, the judge is entitled to immunity from suit. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). A public defender is not considered a "state actor" who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The newspaper reporters and other private citizens he names as defendants cannot be sued for constitutional violations, because there is no indication they were acting "under color of state law" at the time of these events. *See Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 480 (7th Cir. 2024); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009). Furthermore, any claim against these individuals stemming from

news reports published in 2012 would be significantly time-barred. *Richards*, 696 F.3d at 637.

Therefore, the complaint does not state a claim upon which relief can be granted. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

As outlined above, the bulk of Blue's claims are barred by *Heck.* "The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). He also asserts claims that are time-barred by more than a decade and sues defendants who are immune from suit or who are not state actors that can be sued for constitutional violations. The court finds no basis to conclude that if given another opportunity, he is likely to assert a viable constitutional claim, consistent with what he has already alleged under penalty of perjury. Therefore, it would be futile to permit him to amend.

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and DISMISSES without

prejudice any claim contained in the complaint challenging the plaintiff's outstanding conviction. The court DIRECTS the clerk to close the case.

SO ORDERED on October 2, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT